Filed 5/21/13  Marriage of Nhothsiri and Mingsisouphanh CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of SANOEUN NHOTHSIRI and VIENGKHAM MINGSISOUPHANH. | |
| SANOEUN NHOTHSIRI, | F063602 |
| Respondent, | (Super. Ct. No. 425800) |
| v. | |
| VIENGKHAM MINGSISOUPHANH, | **OPINION** |
| Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Loretta Murphy Begen, Judge.

Law Offices of Steven A. Clair and Steven A. Clair for Appellant.

No appearance for Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Gomes, J. and Kane, J.

This appeal is from an order denying appellant's motion to set aside a judgment of dissolution of marriage for extrinsic fraud. We affirm the order.

## FACTS AND PROCEDURAL HISTORY

Appellant Viengkham Mingsisouphanh (appellant) was the respondent in a dissolution of marriage action filed in 2007 by respondent in this appeal, Sanoeun Nhothsiri (respondent). The petition for dissolution alleged the parties were married on January 5, 2000. Appellant filed a response in the dissolution action stating the date of marriage as January 5, 2000. There was a contested dissolution hearing at which appellant and other witnesses testified. The court entered judgment on January 28, 2010, reciting January 5, 2000, as the date of marriage and, apparently, awarding spousal support.

In June 2011, appellant was notified by letter that her spousal support would be ending. On June 10, 2011, appellant filed the present motion to set aside the dissolution judgment. In her declaration in support of the motion, she states: "I did not realize that [respondent] had fraudulently provided the incorrect date of marriage. It is my belief that [respondent] knowingly and purposely provided an incorrect date to the Court in order to protect his retirement." She alleged she and respondent were married in Laos in 1981 in a religious ceremony that did "not require a marriage certificate." She also alleged: "For legal purposes, we had to obtain a marriage certificate and on January 5, 2000, … we renewed our vows. We were already married when we obtained our marriage certificate."

The matter was submitted on the pleadings. The trial court stated in its order that it had reviewed the court file of the dissolution proceedings and that January 5, 2000, was repeatedly and consistently stated as the date of marriage. "Assuming *arguendo* that [respondent] was fraudulently claiming January 5, 2000, as the date of marriage, [appellant] had actual knowledge of the claim on September 27, 2007, when she was served with the Summons and Petition.… [Appellant's] own pleadings list January 5,

2.

2000, as the date of marriage." The court concluded the motion to set aside the judgment was not filed within one year after appellant knew or should have known of the claim of fraud or perjury. (See Fam. Code, § 2122, subds. (a) [fraud], (b) [perjury].)[1] The court also determined that section 2122, subdivision (e), permitting the court to set aside default or uncontested judgments based on mutual or unilateral mistake within one year of the judgment, was not applicable. (Appellant does not contest that conclusion on this appeal.)

---

**1** All further section references are to the Family Code. Section 2122 states:

"The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following:

"(a) Actual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud.

"(b) Perjury. An action or motion based on perjury in the preliminary or final declaration of disclosure, the waiver of the final declaration of disclosure, or in the current income and expense statement shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the perjury.

"(c) Duress. An action or motion based upon duress shall be brought within two years after the date of entry of judgment.

"(d) Mental incapacity. An action or motion based on mental incapacity shall be brought within two years after the date of entry of judgment.

"(e) As to stipulated or uncontested judgments or that part of a judgment stipulated to by the parties, mistake, either mutual or unilateral, whether mistake of law or mistake of fact. An action or motion based on mistake shall be brought within one year after the date of entry of judgment.

"(f) Failure to comply with the disclosure requirements of Chapter 9 (commencing with Section 2100). An action or motion based on failure to comply with the disclosure requirements shall be brought within one year after the date on which the complaining party either discovered, or should have discovered, the failure to comply."

DISCUSSION

Appellant contends she "discovered the facts constituting the fraud when she learned, in April 2011, that Respondent alleged a date of marriage in 2000." The credibility of appellant's claim that she learned of respondent's assertion of the 2000 marriage date only in 2011 was rejected by the trial court on ample evidence, including appellant's recitation of that same date in her response to the petition for dissolution she filed in 2007. Appellant does not assert—much less, demonstrate based on the record—that the trial court's conclusion was not supported by substantial evidence.

Appellant asserts for the first time on appeal that her motion to set aside the judgment is actually an action for breach of spousal fiduciary duty pursuant to section 1101.[2] Not only was this theory not raised in the trial court, but the trial court's findings preclude successfully recharacterizing the action from one arising under section 2122 to one under section 1101. Under some circumstances, a spouse can bring an action under section 1101 for a breach of the duties established in section 721. Section 721, in part, imposes a "duty of the highest good faith and fair dealing on each spouse" and requires that "neither [spouse] shall take any unfair advantage of the other." (*Id*., subd. (b).) In the present case, appellant's declaration indicates that she has always been aware that she was married in 1981 in a religious ceremony in Laos and that there was a marriage ceremony on January 5, 2000, that resulted in issuance of a marriage certificate. To the extent appellant contends respondent's breach of good faith and fair dealing was his placement in the dissolution petition of the 2000 date of marriage, the

---

[2] Section 1101, subdivision (a), states: "A spouse has a claim against the other spouse for any breach of the fiduciary duty that results in impairment to the claimant spouse's present undivided one-half interest in the community estate, including, but not limited to, a single transaction or a pattern or series of transactions, which transaction or transactions have caused or will cause a detrimental impact to the claimant spouse's undivided one-half interest in the community estate."

trial court found on substantial evidence that appellant was fully apprised of this fact and adopted the 2000 marriage date in all her pleadings in the dissolution. There is no basis in the record for a claim that respondent hid the contents of his own pleadings from appellant.

Appellant has failed to demonstrate that the trial court erred in denying as untimely her motion to set aside the judgment. Further, appellant has failed to show that the trial court had a sua sponte duty to recharacterize the motion as arising under section 1101, nor that any error in failing to do so was prejudicial. (Cal. Const., art. VI, § 13.)

## DISPOSITION

The order of July 27, 2011, is affirmed.